## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| KATHLEEN LENNERTZ, | ) | |
|         Plaintiff, | ) | |
| v. | ) | Court No. _____ |
| | ) | |
| OFFICE DEPOT, LLC, | ) | |
| | ) | |
|         Defendant. | ) | |

## **NOTICE OF REMOVAL**

TO:    Clerk of the United States District Court
Northern District of Indiana
Hammond Division

Clerk of the Superior Court
Lake County, Indiana
Civil Division 5

Mr. Gerald Bishop
Gerald M. Bishop & Associates
2115 West Lincoln Highway
Merrillville, IN 46410
Tel:  (219) 738-2400
Fax:  (219) 738-2500
*Counsel for Plaintiff*

Defendant, OFFICE DEPOT, LLC (f/k/a Office Depot, Inc.) (hereinafter "Defendant"), through its counsel, Hart McLaughlin & Eldridge, LLC, hereby provides Notice of Removal of this action to the U.S. District Court for the Northern District of Indiana, from the Superior Court of Lake County, Indiana, based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all defenses and objections. The specific grounds for removal are as follows:

**Plaintiff's Complaint**

1. On July 15, 2019, Plaintiff Kathleen Lennertz commenced this personal injury action in the Superior Court of Lake County, Indiana, Case No. 45D05-1907-CT-000742, entitled *Kathleen Lennertz v. Office Depot, Inc.* Plaintiff's Complaint is attached as Exhibit A. The Civil Cover Sheet instituting this removal action in the U.S. District Court for the Northern District of Indiana is attached as Exhibit B.

2. Plaintiff's Complaint contains one count sounding in negligence. *See* Exhibit A.

3. Plaintiff's Complaint was not removable at the time of filing and service, as the requirements for diversity jurisdiction were not present, and the case does not give rise to a federal question. Plaintiff's Complaint did not provide notice of Plaintiff's citizenship and did not provide notice that the amount in controversy exceeded $75,000. *See id.*

**Responses to Requests for Admission**

4. On May 28, 2020, Defendant served Plaintiff with Requests for Admission. *See* Exhibit C attached.

5. On June 26, 2020, Plaintiff responded to the Requests for Admission. *See* Exhibit D attached. Plaintiff admitted that (a) the amount in controversy exceeds $75,000 in this case; (b) that she is a citizen of Indiana; and (c) that she is not a citizen of Delaware or Florida. *Id.*

**Citizenship of the Parties is Diverse**

6. Though Plaintiff's Complaint is silent as to her own citizenship, subsequently served Responses to Requests for Admission establish that Plaintiff is a citizen of the State of Indiana. *See* Exhibit D attached.

7. Plaintiff's Complaint named Office Depot, Inc. as the only Defendant. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Subsequently, Office Depot, Inc. became Office Depot, LLC.

8. At all relevant times, Defendant Office Depot, Inc. was a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida. *See* Exhibit E attached. At all relevant times, Office Depot, LLC was a limited liability company organized pursuant to the laws of the State of Delaware; Office Depot, LLC is wholly owned by ODP Investments, LLC (a Delaware LLC); ODP Investments, LLC is wholly owned by ODP Corporation, which is a Delaware corporation with its principal place of business in Florida.

9. Accordingly, Defendant is considered a citizen of both Delaware and Florida.

10. Plaintiff is not a citizen of Delaware or Florida. *See* Exhibit D attached.

11. In sum, complete diversity of citizenship exists, as Plaintiff is not a citizen of the same states as Defendant. *See Wis. Dept. of Corr. v. Schacht,* 524 U.S. 381 (1988); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 (1996).

**Amount in Controversy is Satisfied**

12. Pursuant to 28 U.S.C. § 1332, in addition to diversity of the parties, the other prerequisite for a district court having original jurisdiction is that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

13. Plaintiff's Complaint prays only for "an amount that is just and proper"; the Complaint does not make any specific allegations regarding the amount in controversy. *See* Exhibit A.

14. Subsequently, Plaintiff served Responses to Requests for Admission, in which she admits she is seeking damages in excess of $75,000 and that the amount in controversy exceeds $75,000. *See* Exhibit D.

15. Although Defendant denies that Plaintiff is entitled to any relief whatsoever, it is clear that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Notice of Removal is Timely and Proper**

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendant. This action may thus be removed to this Court pursuant to 28 U.S.C. § 1441.

17. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as the Northern District of Indiana, Hammond Division, is the

District Court embracing the Superior Court of Lake County, Indiana, where Plaintiff's Complaint is pending.

18. Removal is timely, pursuant to 28 U.S.C. § 1446(b), in that this Notice is being filed within 30 days after receipt by Defendant of an "other paper … from which it may first be ascertained that the case is one in which is or has become removable." Responses to requests for admission constitute "other paper" under 28 U.S.C. § 1446(b) necessary to give notice that a state court action has been removable.

19. Defendant was first able to ascertain that this action is one which has become clearly removable upon receipt of Plaintiff's Responses to Requests for Admission on June 26, 2020. Accordingly, this Notice of Removal is being timely filed within thirty days.

20. Pursuant to 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders not already attached as exhibits to this Notice of Removal are included as Exhibit F.

21. In compliance with 28 U.S.C. § 1446(d), Defendant has issued written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Superior Court of Lake County, Indiana. *See* Notice of Filing, Exhibit G attached.

WHEREFORE, Defendant, Office Depot, LLC, respectfully gives notice that the above action, now pending against it in the Superior Court of Lake County, Indiana, is removed to the United States District Court for the Northern District of

Indiana, Hammond Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

>Respectfully submitted,
>
>HART MCLAUGHLIN & ELDRIDGE, LLC
>
>By:  /s/ *Ben Shrader*
>  One of the attorneys for Defendant,
>  OFFICE DEPOT, LLC

Steven A. Hart, Esq.  (IL #6211008)
Ben Shrader, Esq. (IL #6304003)
Hart McLaughlin & Eldridge, LLC
22 W. Washington St., Suite 1600
Chicago, Illinois 60602
Ph: (312) 955-0545
shart@hmelegal.com
bshrader@hmelegal.com